UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

    MICHAEL RINALDO,
           Plaintiff,                  Civil Action No.

     -v-                                    Complaint

    RJM ACQUISITIONS LLC,
           Defendant.
_____

## INTRODUCTION

1. Plaintiff, MICHAEL RINALDO, brings this action for actual and statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt and the New York Consumer Protection Against Deceptive Acts and Practices Statute, 22 New York General Business Law § 349(a) (hereafter "CPDAP").

## JURISDICTION AND VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant, RJM ACQUISITIONS LLC, transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff, MICHAEL RINALDO, is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C, § 1692d.

5. Defendant, RJM ACQUISITIONS LLC, (hereinafter "RJM") is an active limited liability corporation organized and existing under the laws of the State of New York. RJM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant

## FACTUAL ALLEGATIONS

8. That Plaintiff, MICHAEL RINALDO, is alleged to have incurred and later defaulted on a debt, to M&T Bank, which he disputes. Said alleged debt will hereinafter be referred to as "the alleged subject debt" and shall at all times remain disputed by Plaintiff.

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The Defendant's attempt at contacting Plaintiff is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

11. On or about May 3, 2011, Defendant sent Plaintiff collection letter/letters to collect a balance for the alleged subject debt.

12. In this letter Plaintiff was told he was being given 3 "opportunities" to pay various amounts of the alleged subject debt, with a request to respond by June 17, 2011.

13. The letter described in paragraph 12 created a false sense of urgency and contradicted the prohibition against using false -and deceptive means while attempting to collect a debt

14. Further, the said letter/letters are in violation of 15 U.S.C. § 1692q and 15 U.S.C. § 1692e(10) for contradicting Plaintiff's right to dispute the debt and for engaging in deceptive practices.

15. Said letter/letters contained confusing language which contradicts the consumer's rights to be informed, among other things, that the consumer has a specific right to dispute the debt and that the consumer may dispute the debt 30 days from receipt of the notice.

16. The validation notice required by 15 U.S.C.A. § 1692g was located on the reverse side of said letter/letters, near the bottom.

17. On or about May 16, 2011, Plaintiff contacted Defendant following receipt of said letter/letters.

18. Plaintiff explained the inaccuracies of the alleged subject debt, including the fact Plaintiff had not had an account with M&T for more than 6 years.

19. During the course of the conversations, Defendant's employee, Michelle, had repeatedly threatened to have already reported the alleged subject debt to various credit agencies and that the alleged subject debt appeared on credit reports.

20. Defendant's employee further denied having to report the debt as "disputed" per Plaintiff's request.

21. Plaintiff's credit reports remain void of the alleged subject debt, in contradiction to Defendant's threats,

## CAUSE OF ACTION

22. The aforementioned acts of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692etseq.) as follows:

23. The Defendant violated 15 U.S.C.A. § 1692e by using false, deceptive and misleading means in connection with the collection of an alleged debt.

24. The Defendant violated 15 U.S.C.A. § 1692e(2)(A) by falsely representing the character and legal status of an alleged debt.

25. The Defendant violated 15 U.S.C.A. § 1692f(1) by attempting to collect any amount (including interest, fee, charge, or expense incidental to the principal obligation) where such amount is not expressly authorized by the agreement creating the debt and not permitted by law.

26. The Defendant violated 15 U.S.C.A. § 1692(e)(5) by threatening illegal action within the 30-day validation/dispute period.

27. The Defendant violated 15 U.S.C.A. § 1692e(10) by using false representations and deceptive means to attempt to collect a debt, including but not limited to threatening post-judgment remedies before an action is filed.

28. The Defendant violated 15 U.S.C.A. § 1692g(a) by contradicting and/or overshadowing the right to dispute the alleged debt within 30 days of the receipt of the notice.

29. As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to an award of statutory damages, costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, pursuant to 15 U.S.C. § 1692k and N.Y. Gen. Bus. Law § 349(h), in an amount to be determined at the time of trial;

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1 692k and N.Y. Gen, Bus. Law § 349(h), in an amount to be determined at the time of trial;

(c) Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law § 349(h); and

(d) For any and all additional relief as this Court deems just and proper.

**JURY DEMAND**

Please take notice that Plaintiff demands a trial by jury in this action.

Date; April 25, 2012

Respectfully submitted,

_/s/ Matthew A. Lazroe_
Matthew A. Lazroe, Esq.
Attorneys for Plaintiff Michael Rinaldo
37 Franklin St. Suite 750
Buffalo, NY 14202
716-989-0090